U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 JUL 17 PM 5:04

CLERK
BY AL
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **DAVID J. BLOCH**, *Plaintiff*, v. **HEATHER BOUCHEY**, et al., *Defendants*. | Civil Case No. 2:23-cv-209<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**EXPEDITED HEARING REQUESTED** |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED HEARING

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff David J. Bloch respectfully moves this Court for a preliminary injunction against Defendants Heather Bouchey, Jay Nichols, Windsor Central Supervisory Union Board, and Sherry Sousa. Defendants are currently violating the First Amendment to the United States Constitution.

On February 9, 2023, Defendant Superintendent Sherry Sousa terminated Coach Bloch from his position as Woodstock Union High School snowboarding coach and informed him he would not be considered for any future coaching positions within the school district. Defendant Sousa claimed Coach Bloch violated Defendant Windsor Central Supervisory Union Board's harassment, hazing, and bullying (HHB) policy and Vermont Principals' Association Policy for expressing his views on differences in sex and the appropriateness of a teenage male competing against teenage females in an athletic competition.

Defendant Board adopted its HHB policy and procedures, as required by Vermont law, from the model policy and procedures issued by Defendant Secretary of Education Heather Bouchey. *See* Vt. Stat. Ann. tit. 16, § 570. Both Defendant Board and Defendant Secretary's policies and procedures implement the statutory

prohibition on "harassment." The Vermont Principals Association (VPA) has also implemented the statutory prohibition on "harassment." The VPA's executive director, Defendant Jay Nichols, enforces its policies.

By terminating Coach Bloch, Defendants Sousa and Board unconstitutionally retaliated against him based on his protected speech. And Defendants' HHB law, policies, and procedures are unconstitutionally overbroad, discriminate based on content and viewpoint, and impose a prior restraint. Both Defendants' actions and their law, policies, and procedures have inflicted irreparable injury on Coach Bloch and all other employees who wish to voice views like his.

Therefore, Plaintiff respectfully moves this Court for a preliminary injunction pending final case disposition. Specifically, Plaintiff moves this Court for a preliminary injunction against Defendants, their agents, officials, servants, employees, and any other persons acting on their behalf:

1. Ordering Defendants to reinstate him as snowboarding coach; refrain from enforcing their ban on considering him "for any future coaching positions"; and purge from any records in their possession, custody, or control any reference to his termination as snowboarding coach; and
2. Enjoining enforcement of Defendants' HHB law, policies, and procedures in so far as they prohibit (i) "harassment" that is not so severe, pervasive, and objectively offensive that it effectively bars a student's access to an educational benefit, (ii) expressing views on differences in and the immutability of sex and the appropriateness of a teenage male competing against teenage females in an athletic competition, and (iii) referring to a male as a male.

Plaintiff respectfully moves this Court to waive the security requirement under Federal Rule of Civil Procedure 65(c). The "bond is only intended to afford security for damages that might be proximately caused by the wrongful issuance of an injunction." *Donohue v. Mangano*, 886 F. Supp. 2d 126, 163 (E.D.N.Y. 2012) (cleaned

up). When "there has been no proof of likelihood of harm" from the issuance of the injunction—as in cases alleging constitutional violations—courts properly waive the requirement. *Id.* (collecting cases); *accord A.H. ex rel. Hester v. French*, 511 F. Supp. 3d 482, 502 (D. Vt. 2021). Here, Defendants will suffer no damages from a preliminary injunction. The injunction would simply prevent them from infringing Coach Bloch's speech rights.

Coach Bloch files this motion simultaneously with his Verified Complaint. Defendants are as of yet unrepresented, so Counsel for Plaintiff had no opportunity to confer with Defendants' counsel under D. Vt. L.R. 7(a)(7). Counsel for Plaintiff welcomes the opportunity to discuss this motion once counsel for Defendants enters an appearance.

In support of this motion, Coach Bloch relies on the attached memorandum of points and authorities and his Verified Complaint and exhibits thereto.

Respectfully submitted,

Anthony R. Duprey
VT Bar No. 3204
Duprey Law, PLLC
11 Main Street, Suite B110F
Vergennes, Vermont 05491
Telephone: (802) 870-6563
anthony@dupreylaw.com

Tyson C. Langhofer*
VA Bar No. 95204
Mathew W. Hoffmann*
DC Bar No. 1617417
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4656
tlanghofer@ADFlegal.org
mhoffmann@adflegal.org

David A. Cortman
GA Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd NE
Suite D1100
Lawrenceville, Georgia 30043
Telephone: (571) 707-4655
Facsimile: (571) 707-4656
dcortman@ADFlegal.org

*Counsel for Plaintiff*

**Pro Hac Vice application pending*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17th, 2023, I electronically filed the foregoing, and will serve the same with Plaintiff's Verified Complaint on the following parties:

Heather Bouchey
Vermont Agency of Education
1 National Life Drive, Davis 5
Montpelier, VT 05620

Jay Nichols
Vermont Principals' Association
2 Prospect St #3
Montpelier, VT 05602

Windsor Central Supervisory Union Board
Sherry Sousa
70 Amsden Way
Woodstock, Vermont 05091

Dated: July 17th, 2023

Anthony R. Duprey
*Counsel for Plaintiff*