**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| **DAVID J. BLOCH**, *Plaintiff,* v. **HEATHER BOUCHEY**, et al., *Defendants.* | Civil Case No. 2:23-cv-00209-cr |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED HEARING (DOC. 12)**

Plaintiff Coach David Bloch does not object to Defendants' requested extension, but—to avoid further prejudice—he respectfully requests that this Court hold a hearing on his Motion for Preliminary Injunction as soon as possible. Coach Bloch remains terminated and will not be able to coach next season absent preliminary relief. And the unconstitutional policies under which Defendants terminated him remain in full effect. But as a good faith professional courtesy, Coach Bloch does not object to Defendants' requested extension.

## BACKGROUND

Defendants terminated Coach Bloch under their unconstitutional policies for discussing differences between males and females. Doc. 1 ¶¶ 10–12. To restore his rightful position and enjoin those policies, he filed his Verified Complaint simultaneously with a motion for preliminary injunction on July 17, 2023. Docs. 1, 2. Two days later, he served both the Complaint and motion on all parties. Docs. 7, 8, 9, 10.[1] Under the Local Rules, Defendants' deadline to respond to Coach Bloch's motion expired on August 2. *See* D. Vt. L.R. 7(a)(3)(B).

On July 31, counsel for Defendant Bouchey informed Coach Bloch that all Defendants intended to request a 30-day extension to respond to his motion.

---

[1] Defendant Bouchey disputed proper service but has had notice of the lawsuit since at least July 25, Hoffmann Decl. ¶ 5, has entered an appearance, Doc. 15, and was served again on August 1, Doc. 18.

Hoffmann Decl. ¶ 7. Counsel for Coach Bloch responded that Plaintiff "want[ed] to provide the Court enough time to hear the motion and rule on it after it is fully briefed in advance of the upcoming snowboarding season." *Id.* ¶ 8; *see also* Doc. 1 ¶¶ 138–39. He also noted that a "30-day extension in addition to the nearly two weeks since the motion was served is excessive, especially given the Local Rules' default 14-day deadline." Hoffmann Decl. ¶ 9. But in the interest of coming to a mutually agreeable resolution, Coach Bloch informed Defendants he would not oppose the motion if they agreed to present the Court with dates for a hearing on the motion. *Id.* ¶ 10. Counsel for Defendants Bouchey, Windsor Central Supervisory Union, and Sousa provided available dates, but counsel for Defendant Nichols did not respond. *Id.* ¶¶ 11–14. At the same time, Coach Bloch consented to Defendants Nichols and Bouchey's request for a 30-day extension to respond to his Verified Complaint. Hoffmann Decl. ¶ 15. Counsel for Defendant Nichols then filed this motion for extension to respond to the Motion for Preliminary Injunction on behalf of all Defendants. Doc. 12.

## LEGAL STANDARD

A "court may, for good cause" extend the time to respond to an upcoming deadline. Fed. R. Civ. P. 6(b)(1); *Sumpter v. Skiff*, 366 F. App'x 284, 285 (2d Cir. 2010) (affirming "district court's denial of [the plaintiff's] motion for an extension of time . . . because [he] failed to assert good cause for the requested extension"). As with all the Rules, the "good cause" requirement must "secure the just, speedy, and inexpensive determination of every action and proceeding." *Rankin v. City of Niagara Falls*, 293 F.R.D. 375, 390 (W.D.N.Y. 2013) (quoting Fed. R. Civ. P. 1). Courts should not grant extensions when they would impose "prejudice [on] the adverse party." *Id.* (quoting 4B C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure* § 1165 (3d ed. 2012)).

**ARGUMENT**

Coach Bloch remains terminated and will not be able to coach next season, all because of his protected speech. Doc. 2-1 at 19–20. That "loss of First Amendment freedoms . . . unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). That's all the more true because Defendants' termination of Coach Bloch has prevented—and continues to prevent—other employees from speaking out on a matter of immense public concern. Doc. 1 ¶ 168. Defendants' speech-suppressing policies also remain in effect, inflicting ongoing irreparable injury on public school employees across Vermont. *See* Doc. 2-1 at 20.

Coach Bloch would sign a contract for the 2023 season no later than this December. Doc. 1 ¶ 138. As he relayed to Defendants, Coach Bloch seeks to provide this Court sufficient time to hold a hearing and rule on a fully briefed motion before the upcoming season. Hoffmann Decl. ¶ 8.

As a courtesy and in the interest of compromise, Coach Bloch does not object to Defendants' requested extension. But he also requests this Court set a hearing on his motion as soon as possible. *See* Doc. 2 at 1; Hoffmann Decl. ¶¶ 11–14 (noting that counsel for Plaintiff and Defendants Bouchey, Windsor Central Supervisory Union, and Sousa are available for a hearing on September 19, 20, and the morning of September 25). He has already consented in good faith to Defendants' request to extend their deadline to answer his Complaint, precisely because he is seeking speedy preliminary relief. Hoffmann Decl. ¶ 15. Because Coach Bloch filed his Motion for Preliminary Injunction simultaneously with his Complaint and because he seeks a hearing as soon as possible, his good-faith non-objection to Defendants' requested extension cannot be held against his motion.

## CONCLUSION

Coach Bloch does not object to Defendants' requested extension, but he respectfully requests this Court set a hearing on his Motion for Preliminary Injunction as soon as possible.

Respectfully submitted,

| | |
|---|---|
| /s/ Anthony R. Duprey | /s/ Mathew W. Hoffmann |
| Anthony R. Duprey | Tyson C. Langhofer* |
| VT Bar No. 3204 | VA Bar No. 95204 |
| Duprey Law, PLLC | Mathew W. Hoffmann* |
| 11 Main Street, Suite B110F | DC Bar No. 1617417 |
| Vergennes, Vermont 05491 | ALLIANCE DEFENDING FREEDOM |
| Telephone: (802) 870-6563 | 44180 Riverside Pkwy |
| anthony@dupreylaw.com | Lansdowne, Virginia 20176 |
| | Telephone: (571) 707-4655 |
| | Facsimile: (571) 707-4656 |
| | tlanghofer@ADFlegal.org |
| | mhoffmann@adflegal.org |
| | |
| | David A. Cortman |
| | GA Bar No. 188810 |
| | ALLIANCE DEFENDING FREEDOM |
| | 1000 Hurricane Shoals Rd NE |
| | Suite D1100 |
| | Lawrenceville, Georgia 30043 |
| | Telephone: (571) 707-4655 |
| | Facsimile: (571) 707-4656 |
| | dcortman@ADFlegal.org |

*Counsel for Plaintiff*

*\*admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2023, I electronically filed the foregoing on the Court's CM/ECF system, which automatically sends an electronic notification with this filing to the following attorneys of record:

Pietro J. Lynn, Esq.
Sean M. Toohey, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
76 St. Paul Street, Suite 400
Burlington, VT 05401
(802) 860-1500
plynn@lynnlawvt.com
stoohey@lynnlawvt.com

Steven J. Zakrzewski, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
95 Glastonbury Blvd, Suite 206
Glastonbury, CT 06033
T: (860) 494-7511
szakrzewski@grsm.com

Eleanor L.P. Spottswood
Solicitor General
Office of the Attorney General
109 State Street
802-793-1646
Montpelier, VT 05609-1001
eleanor.spottswood@vermont.gov

*Counsel for Defendants*

Dated: August 4, 2023                    */s/ Mathew W. Hoffmann*
                                         Mathew W. Hoffmann
                                         *Counsel for Plaintiff*